UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELLEN F. PICIULO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV46 CDP |
| | ) | |
| WANDA W. BROWN, BERNICE | ) | |
| ROBERTS-HARTFIELD, and any | ) | |
| and all DOES, each in their | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion to Dismiss plaintiff's

claims under Federal Rule of Civil Procedure 12 for lack of subject matter

jurisdiction, insufficient service of process, and failure to state a claim for which

relief can be granted. For the following reasons, I will grant defendants' motion.

## I.      Background

This action arises out of plaintiff Ellen F. Piciulo's allegations that defendant

Wanda Brown and defendant Bernice Roberts-Hartfield, who are Internal Revenue

Service employees, fraudulently filed a "Notice of Federal Tax Lien" with respect to

Piciulo's property. Plaintiff contends that defendants violated her civil rights by

filing this notice. According to defendants the Notice of Federal Tax Lien relates to

unpaid income tax liabilities Piciulo owes for the 1999 taxable year, in the amount of $47,342.77.

On June 10, 2004, shortly after the notice of tax lien was filed, plaintiff and her husband, Robert D. Piciulo, filed an action against the United States in the United States Court of Federal Claims challenging the IRS's denial of their claim for refund of taxes paid for 1999. The complaint filed by the Piciulos in the Court of Federal Claims referenced the "Notice of Federal Tax Lien" at issue in this action. The Piciulos later moved to voluntarily withdraw and dismiss their Court of Federal Claims action.

On January 12, 2005, plaintiff filed this case alleging that her civil rights were violated by defendants Brown and Roberts-Hartfield and various unnamed "Doe" defendants. In particular, she contends that these defendants trespassed on private property, conspired to deprive her of her private property, and perpetrated a fraud against her. Piciulo brings her claim under 42 U.S.C. § 1983, alleging violations of her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff states that she is suing defendants in their individual capacity, and alleges that they acted beyond the scope of their authority.

Plaintiff seeks compensatory damages in the amount of $47,342.77, punitive damages in the treble amount of $142,028.31 for pain and suffering, and a declaratory judgment that her civil rights were violated.

## II.    Discussion

Defendants move to dismiss plaintiff's complaint in its entirety under Federal Rules of Civil Procedure 12(b)(1), 12(b) (5), and 12(b)(6).   Defendants assert that plaintiff cannot maintain a claim under 42 U.S.C. § 1983 because they are not state actors, cannot maintain a Bivens action because there are other federal remedies available, and is precluded from filing suit because she failed to exhaust her administrative remedies.  Because Rules 12(b)(1) and 12(b)(6) provide sufficient grounds upon which to dismiss plaintiff's claims, I will not address defendants' argument with respect to Rule 12(b)(5).

Rule 12(b)(1) provides that a claim may be dismissed for lack of jurisdiction over the subject matter.  A complaint may be challenged under Rule 12(b)(1) either on its face or on the factual truthfulness of its averments.  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993), citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  When challenging a complaint on its face, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the

plaintiff fails to allege an element necessary for subject-matter jurisdiction."  Id.


A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P.  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).  When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff.  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

A complaint should not be dismissed merely because the court doubts that plaintiff will be able to prove all the necessary allegations.  Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997).  The issue is not whether the plaintiff will ultimately prevail but whether she is entitled to present evidence to support her claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A court should grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## A. 42 U.S.C. § 1983

Section 1983 does not create substantive rights, but rather serves as a "method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). To establish a prima facie case under § 1983, a plaintiff must prove two elements: (1) that the government action occurred "under color of state law" and (2) that the action resulted in a deprivation of a constitutional right or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981); see also Gentry v. Lee's Summit, 10 F.3d 1340, 1342 (8th Cir. 1993). In this case, Piciulo asserts that defendants Brown and Roberts-Hartfield, both employees of the Internal Revenue Service, violated her rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution by placing in the public record a "Notice of Federal Tax Lien" on her property. To sustain her cause of action under 42 U.S.C. § 1983, plaintiff must establish, as a threshold matter, that "the conduct complained of was committed by a person acting under color of state law ...." Parratt, 451 U.S. at 535. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). A claim under 42 U.S.C. § 1983 cannot be maintained

against a federal actor acting under color of federal law.  <u>Jones v. United States</u>, 16

F.3d 979, 981 (8th Cir. 1994).

Defendants correctly argue that 42 U.S.C. § 1983 is inapplicable to this action

because, as employees of the Internal Revenue Service, defendants acted under color

of federal law and not under color of  state law.  Plaintiff has failed to state a claim

pursuant to 42 U.S.C. § 1983 because defendants did not act "under color of state

law."

### B.    <u>Bivens</u> Action

A plaintiff can bring an action for damages resulting from the unconstitutional

conduct of federal officials acting under color of federal law under the rule of <u>Bivens</u>

<u>v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

A <u>Bivens</u> action is the federal law equivalent of an action under 42 U.S.C. § 1983.

<u>See</u> <u>Vennes v. An Unknown Number of Unidentified Agents</u>, 26 F.3d 1448, 1452

(8th Cir. 1994).  However, <u>Bivens</u> remedies are precluded "[w]hen the design of a

Government program suggests that Congress has provided what it considers

adequate remedial mechanisms for constitutional violations that may occur in the

course of its administration ...."  <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 423 (1988).

Defendants contend that a <u>Bivens</u> action is foreclosed in this case because

Congress has provided a comprehensive statutory scheme to resolve tax-related

disputes.  In <u>Vennes</u>, the Eighth Circuit expressly determined that "Congress has provided specific and meaningful remedies for taxpayers who challenge overzealous tax assessment and collection activities."  <u>Vennes</u>, 26 F. 3d at 1454.  I agree with defendants that the remedies afforded Piciulo in the tax code preempt a <u>Bivens</u> action.  Accordingly, Piciulo is precluded from stating a cause of action under <u>Bivens</u>.

## C.      Failure to Exhaust Administrative Remedies

Although Piciulo says that she is bringing these claims against each defendant in her individual capacity, a review of the complaint reveals that all of plaintiff's allegations directly concern the Notice of Federal Tax Lien.  The Internal Revenue Code expressly authorizes the placement of a lien upon the property of any person deemed liable for taxes.  26 U.S.C. § 6321.[1]  The alleged tortious conduct of the defendants relates directly to the placement of the tax lien at issue upon plaintiff's property, and plaintiff's mere assertion that defendants acted outside their authority is not sufficient to take this case outside the normal federal remedies.

---

[1] In particular, 26 U.S.C. § 6321 provides:
> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Congress provided the exclusive remedy for taxpayer actions alleging reckless

or intentional disregard of the Internal Revenue Code or negligence against

employees of the Internal Revenue Service with respect to tax collection activities in

26 U.S.C. § 7433.  See Miller v. Sherrill, 146 F.3d 1051, 1052 (8th Cir. 1998).

Specifically, 26 U.S.C. § 7433 provides:

> If, in connection with any collection of Federal tax with respect to a
> taxpayer, any officer or employee of the Internal Revenue Service
> recklessly or intentionally, or by reason of negligence, disregards any
> provision of this title, or any regulation promulgated under this title,
> such taxpayer may bring a civil action for damages against the United
> States in a district court of the United States. Except as provided in
> section 7432 [26 USCS § 7432], such civil action shall be the exclusive
> remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

Plaintiff alleges that defendants placed a fraudulent tax lien upon her property

and that they trespassed within the purview of 26 U.S.C. § 7433.  To sustain a cause

of action under 26 U.S.C. § 7433, a plaintiff must first exhaust available

administrative remedies.  The Internal Revenue Code expressly states:

> A judgment for damages shall not be awarded ... unless the court
> determines that the plaintiff has exhausted the administrative remedies
> available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433(d)(1).  The Internal Revenue Service outlines the administrative

remedies available to a taxpayer with respect to tax liens and reckless, intentional, or

negligent disregard of the Internal Revenue Code by an officer or employee of the

Internal Revenue Service at 26 C.F.R. §§ 301.7432-1 and 310.7433-1.  Both 26

C.F.R. §§ 301.7432-1 and 310.7433-1 expressly authorize a taxpayer to file a civil

action for improper collection activities, but each of these regulations contains

provisions requiring that a taxpayer pursue administrative remedies prior to filing

suit.  26 C.F.R. § 301.7432-1(a)(2) and (e); 26 C.F.R. § 310.7433-1(a)(2) and (d).

Plaintiff has not alleged that she followed administrative procedures or

exhausted the administrative remedies afforded her by the Internal Revenue Service

before filing suit.  There is no indication in the record that she has done so.  Under

26 U.S.C. § 7433, this Court lacks subject-matter jurisdiction over this action

because Plaintiff failed to exhaust her administrative remedies.  Therefore, Plaintiff's

complaint must be dismissed.

### D.      "Doe" Allegations

Finally, Piciulo makes vague allegations against "ANY AND ALL DOES,"

whom she apparently believe assisted in the filing of the tax lien, or who perhaps

may be supervisors of the other defendants.  Her allegations against these fictitious

parties fail to state any claim upon which relief may be granted, so I will dismiss the

complaint in its entirety, as to all defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss [#4] of Defendants

Wanda W. Brown and Bernice Roberts-Hartfield is granted and Plaintiff Ellen F.

Piciulo's Complaint is dismissed.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 25th day of May, 2005.